Filed Oct. 14, 1890.

---

No. 14,474.

ELLISON *v.* RERICK.

COUNTY COMMISSIONERS.—*Appeal from Order of Allowance.—Motion for Dismissal.—Overruling of.*—The appellant appealed from the order of allowance made by the board of commissioners to the appellee, in the name of the La Grange Standard, for publishing a list of allowances, and obtained an order requiring the appellee to file an amended complaint showing the claim to be in his favor. After the cause was sub-

mitted for trial, the appellant moved for a dismissal on the ground that the claim was filed before the board in the name of the paper.

*Held*, that the motion was properly overruled, and that the appeal was without merit. After the various steps taken, it was immaterial whether the original order of the board was void or valid.

From the La Grange Circuit Court.

*T. E. Ellison*, for appellant.

*J. D. Ferrall*, for appellee.

OLDS, J.—The controversy involved in this case grows out of the allowance by the board of commissioners of La Grange county of a claim for $7.65 for publishing a list of allowances, made by said board, in the La Grange Standard, a newspaper owned and published in said county by John H. Rerick. There is no controversy made as to the legality or amount of the claim, but the sole controversy is made and long briefs presented quibbling over technicalities, and there is no merit in the case.

The appellant appealed from the order of allowance made by the board, and filed affidavits in the circuit court that John H. Rerick was the real party in interest, and that the allowance was made for his benefit. He procured a summons to be issued and served, bringing appellee into court, and appellant opposed the motion of the appellee to quash the summons, and obtained an order requiring appellee to file an amended complaint showing the claim to be in his favor, and after a good complaint was on file the cause was, by agreement of the parties, appellant and appellee, submitted to the court for trial. After these various steps appellant moved for a dismissal on the ground that the claim was filed before the board of commissioners in the name of the La Grange Standard.

Parties must maintain a consistency. After the appellant had appealed from the order made to the appellee in the name of the Standard, and compelled the appellee to come into court and prosecute the cause in his own name and put

on a good complaint, and the cause had been submitted to the court for trial, it was immaterial whether the original order of the board was void or valid.

There is no available error in the record.

Judgment affirmed, with costs.

Filed Oct. 14, 1890.